UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KAREN M., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 16-00483-NT |
| | ) | |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON ATTORNEYS' FEES**

Pursuant to the power of this Court to award fees to a prevailing party other than the United States incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action, under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and in light of this Court's September 14, 2018, Judgment and Order remanding this case to the defendant Commissioner for further administrative proceedings.

Without citing any authority or developing its argument, the Acting Commissioner objects to the to the number of hours the Plaintiff's attorney spent on issues related to the Statement of Errors, which she characterizes as "unproductive and unnecessary." Defendant's Opposition 4 (ECF No. 32). Despite prevailing on the sentence six issues, I do not find that the time the Plaintiff spent briefing the Statement of Errors to be either unproductive or unnecessary. On the contrary, because the Plaintiff could not know what, if any, issues she might ultimately prevail on, she was obligated to present all argumentation that reasonably supported her Statement of Errors. IT IS HEREBY ORDERED that the United States Social Security Administration shall pay attorney's fees in the amount of Eleven Thousand Seven Hundred Ninety dollars and 99 cents ($11,790.99) in full satisfaction of any and all attorney's fee claims

Plaintiff may have in this case under the Equal Access to Justice Act.

Pursuant to the United States Supreme Court's ruling in <u>Commissioner of Social Security v. Ratliff</u>, 559 U.S. 175 (2010), these attorney fees are payable to Plaintiff as the prevailing party and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government.  If, subsequent to the entry of this Order, the Commissioner determines that Plaintiff owes no debt to the government that would be subject this award of attorney's fees to offset, the Commissioner may honor the Plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff.  If, however, Plaintiff is discovered to owe the government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to Plaintiff rather than to counsel.

SO ORDERED this 16th day of January 2018.

<u>/s/ Nancy Torresen</u>
United States District Judge